## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
------------------------------------------------------------------
LISA BRENDLE                             :
208 North Queen Street                   :     CIVIL ACTION No.:
Abbottstown, PA 17301                    :
                                         :     JURY TRIAL DEMANDED
                    Plaintiff,           :
                                         :
            v.                           :
                                         :
SKILLS OF CENTRAL PENNSYLVANIA, INC.     :
341 Science Park Road                    :
State College, PA 16803                  :
                                         :
                    Defendant.           :
------------------------------------------------------------------
```

## COMPLAINT

Plaintiff Lisa Brendle ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Defendant Skills of Central Pennsylvania, Inc. ("Defendant") alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this Complaint contending that Defendant has improperly failed to pay her overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100 *et seq.,* and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1 *et seq.* Plaintiff also contends that Defendant terminated her employment in retaliation for her report of unpaid overtime, in violation of the FLSA.

2.      Plaintiff was an employee of Defendant. During the course of her employment, Plaintiff regularly worked more than forty (40) hours per week, but routinely was not properly compensated for her work in that Plaintiff was not paid an overtime premium calculated at 1.5

times her regular rate of pay for each hour worked in excess of 40 hours in a work week as required by the FLSA and PMWA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer ... in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

4. The Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claim.

6. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

7. Plaintiff Lisa Brendle currently resides at 208 North Queen Street, Abbottstown, PA 17301.

8. Upon information and belief, Defendant Skills of Central Pennsylvania, Inc., is a non-profit corporation operating in the Commonwealth of Pennsylvania which maintains a principal place of business located and a registered corporate address of 341 Science Park Road, State College, PA 16803.

9. Defendant is a private "employer" and covered by the FLSA and PMWA.

10.     Plaintiff was employed by Defendant at all times relevant hereto and as such, is

an employee entitled to the protections of the FLSA and PMWA.  See 29 U.S.C. § 203(e); 43

P.S. § 333.103(h).

## FACTUAL ALLEGATIONS

11.     Paragraphs 1 through 11 are hereby incorporated by reference as though the same

were fully set forth at length herein.

12.     In or about October 2010, Plaintiff began working for Defendant in the position of

Life Sharing Specialist.

13.     Plaintiff was scheduled to work for eight (8) hours each day, Monday through

Friday.  In addition, Defendant required Plaintiff to work approximately seven and one half (7.5)

hours per week of additional work, however, specifically instructed Plaintiff to refrain from

reflecting same in its timekeeping records.

14.     Ann Woods ("Ms. Woods"), Life Sharing Manager, specifically instructed

Plaintiff to refrain from reporting hours worked in excess of forty in any given workweek.

15.     From the date of her hire and through March 2017, Plaintiff was been paid on an

hourly basis.  Plaintiff's current rate of pay is $15.31 per hour.

16.     Despite her scheduled hours, Plaintiff regularly worked in excess of 40 hours per

week.  In a typical week, she worked forty-five (45) to fifty (50) hours.

17.     By way of example, during the work week of June 6, 2016 to June 10, 2016,

Plaintiff performed approximately forty seven and one half (47.5) hours of work, however, was

only compensated for forty (40) hours of work at her regular rate of pay.

18.     Very occasionally, Defendant has paid Plaintiff for some hours of work she performed in excess of 40 hours per week at a rate of one and one half (1.5) times her regular rate of pay.

19.     Despite the fact that Plaintiff regularly worked in excess of 40 hours per week, Plaintiff typically did not receive overtime compensation for work performed in excess of 40 hours per week.

20.     In or about July 2016, Plaintiff registered a good faith report of nonpayment of overtime with Ms. Wood.

21.     Defendant failed to investigate Plaintiff's report or otherwise engage in remedial action.

22.     On or about March 9, 2017, Defendant terminated Plaintiff.

23.     Plaintiff was generally only compensated for 40 hours of work per week, regardless of her actual hours worked.

24.     Defendant classified Plaintiff as "non-exempt" under the FLSA and PMWA, as evidenced by its decision to compensate her on an hourly basis, and therefore determined that Plaintiff was entitled to overtime compensation.

25.     Accordingly, Plaintiff was within the meaning of the FLSA and PMWA, a non-exempt employee of Defendant.

26.     Defendant failed to pay Plaintiff a rate of at least 1.5 times her regular rate of pay for each hour that she worked in excess of 40 hours in a work week.

27.     As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, et seq.
## <u>FAILURE TO PAY OVERTIME COMPENSATION</u>

28.     Paragraphs 1 through 27 are hereby incorporated by reference as though the same were fully set forth at length herein.

29.     Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

30.     Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

31.     According to the policies and practices of Defendant, Plaintiff was required to work in excess of forty (40) hours per week.  Despite her hours worked, Plaintiff was denied overtime compensation for the vast majority of her compensable work performed in excess of 40 hours per week in violation of the FLSA.  The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

32.     Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

33.     Defendant is liable to Plaintiff for actual damages, liquidated damages and other equitable relief, pursuant to 29 U.S.C. § 216 (b), as well as reasonable attorney's fees, costs and expenses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant Plaintiff the maximum relief allowed by law, including, but not limited to:

A.      Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

B.      Adjudicating and declaring that Defendant violated the FLSA by failing to pay compensation and/or overtime pay to Plaintiff for compensable hours in excess of (40) forty hours per week and for all hours worked;

C.      Awarding Plaintiff back wages and/or overtime wages in an amount consistent with the FLSA;

D.      Awarding Plaintiff liquidated damages in accordance with the FLSA;

E.      Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

F.      Awarding pre and post-judgment interest and court costs as further allowed by law;

G.      Such other and further relief as is just and equitable under the circumstances.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
## 43 P.S. § 333 *et seq.*

34.      Paragraphs 1 through 33 are hereby incorporated by reference as though the same were fully set forth at length herein.

35.      The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to their employees. See 43 P.S. § 333.113.

36.      The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek.  See 43 P.S. § 333.113.

37.     By its actions alleged above, Defendant has violated the provisions of the

Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and

for failing to properly pay Plaintiff for all hours worked.

38.     As a result of Defendant's unlawful acts, Plaintiff has been deprived of overtime

compensation in amounts to be determinate at trial, and is entitled to recovery of such amounts,

together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of

1968, 43 P.S. § 333.113.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff

respectfully requests that this Court enter judgment in her favor and against Defendant and grant

her the maximum relief allowed by law, including, but not limited to:

A     An award to Plaintiff for the amount of unpaid overtime compensation to which

she is entitled, including interest thereon, and penalties subject to proof;

B.     An award to Plaintiff of reasonable attorney's fees and costs pursuant to the

Pennsylvania Minimum Wage Act; and

C.     An award to Plaintiff for any other damages available to her under applicable

Pennsylvania law, and all such other relief as this Court may deem proper.

### COUNT III
### PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW
### 43 Pa. Con. Stat. § 260.1 *et seq.*

39.     Paragraphs 1 through 38 are hereby incorporated by reference as though the same

were fully set forth at length herein.

40.     The foregoing actions and/or omissions of Defendant constitute violations of the

Pennsylvania Wage Payment and Collection Law, 43 Pa. Con Stat. § 260.1 *et seq.*

**WHEREFORE,** Plaintiff prays for relief to the fullest extent permitted by law including, but not limited to, the award of any and all damages Plaintiff is entitled to under applicable law.

**COUNT IV**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 215(a)(3)**
**<u>RETALIATION</u>**

41.     Paragraphs 1 through 40 are hereby incorporated by reference as though the same were fully set forth at length herein.

42.     Plaintiff engaged in protected activity under the FLSA by registering a verbal complaint of unpaid overtime compensation with Ms. Wood.

43.     Plaintiff suffered adverse action from Defendant as a result, including but not limited to termination of her employment with Defendant.

44.     Defendant terminated Plaintiff's employment because Plaintiff engaged in protected activity under the FLSA.

45.     As a result of Defendant's retaliatory actions, Plaintiff has suffered and continues to suffer damages, including, but not limited to loss of employment, earnings, earnings potential, bonuses, damage to reputation, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant her the maximum relief allowed by law, including, but not limited to:

A.     Awarding Plaintiff back pay wages and front pay in an amount consistent with the FLSA;

B.     Awarding Plaintiff liquidated damages in accordance with the FLSA;

C.       Awarding Plaintiff reasonable attorney's fees and all costs in this action, to be paid by Defendant, in accordance with the FLSA;

D.       Awarding pre- and post-judgment interest and court costs as further allowed by law;

E.       For all additional general and equitable relief to which Plaintiff may be entitled.


## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.


Respectfully submitted,

**MURPHY LAW GROUP, LLC**


By: /s/ Michael Murphy
        Michael Murphy, Esquire
        Eight Penn Center, Suite 2000
        1628 John F. Kennedy Blvd.
        Philadelphia, PA 19103
        TEL: 267-273-1054
        FAX: 215-525-0210
        murphy@phillyemploymentlawyer.com
        Attorney for Plaintiff

Dated:   March 5, 2018

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.